[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15007
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-14008-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN RAMDATT,
a.k.a.  Kenneth Molloy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Allen Ramdatt, having pleaded guilty to illegal reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2), appeals his sentence of 30 months' imprisonment, imposed to run consecutively to an undischarged state sentence. Ramdatt argues his sentence is procedurally unreasonable. Upon review,[1] we reject Ramdatt's argument and affirm his sentence.

Ramdatt argues his sentence is procedurally unreasonable because the district court failed to explain its reasons for imposing it consecutively to the state sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (describing "fail[ure] to adequately explain the chosen sentence" as a "significant procedural error"). This argument is without merit because the district court expressly stated that it had "considered the statements of all parties, the presentence report, which contains the advisory guidelines, and the statutory factors as set forth in [18 U.S.C. §] 3553(a)." Ramdatt rejects this explanation as "a simple *pro forma* acknowledgement of § 3553(a)," but we approved a materially identical statement in *United States v. Alfaro-Moncada*. 607 F.3d 720, 735 (11th Cir. 2010); *see also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly

---

[1] We review the reasonableness of a sentence, including whether it is imposed consecutive to or concurrent with another sentence, for abuse of discretion. *See United States v. Bonilla*, 579 F.3d 1233, 1244-45 (11th Cir. 2009). "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013) (internal quotation marks omitted).

considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). The district court's explanation of the sentence it imposed was sufficient to show that it had "considered the parties' arguments and ha[d] a reasoned basis for [its] own legal decisionmaking authority," and it is therefore sufficient for our review. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (internal quotation marks omitted). This is particularly true given that the district court's decision was consistent with the Sentencing Guidelines' preference for consecutive terms of imprisonment for sentences imposed at different times. *See United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993) (recognizing this preference); *see also Livesay*, 525 F.3d at 1090 ("Generally, when sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission."). Neither of Ramdatt's arguments for leniency (specifically, that he desired to return to his family and that it would cost the United States more to imprison him for a longer time) necessitated further discussion by the district court.

Accordingly, we conclude that the sentence the district court imposed was not procedurally unreasonable.

**AFFIRMED.**

3